# Kortright's Estate  (No. 1).

*Decedents' estates—Testamentary expenses—English estate—Duty—English and American wills.*

Where a woman domiciled in England dies possessed of personal property both in England and Pennsylvania, and leaves two wills in one of which she disposes of her Pennsylvania property, and in the other of her English property, and in the latter directs that out of the proceeds of her English property there shall be paid "funeral and testamentary expenses and debts in England, and the legacies......and the duty on all legacies......bequeathed free of duty," the "estate duty" payable to the British Government under the British Finance Act of 1894, 57-58 Vict. ch. 30, comes under the head of testamentary expenses and is payable out of the proceeds of the English property alone to the exoneration of the Pennsylvania estate.

Argued May 1, 1912.   Appeal, No. 105, Jan. T., 1912, by John Storrs and Percy Leigh Pemberton, Executors, from decree of O. C. Philadelphia Co., April T., 1908, No. 191, dismissing exceptions to adjudication in Estate

of Martha Ellen Kortright, deceased.  Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ.  Affirmed.

Adjudication of the first account of American Executor.  Before Anderson, J.

The opinion of the Supreme Court states the case.

Exceptions to the adjudication were dismissed and account confirmed.

*Error assigned* was in dismissing exceptions.

*W. W. Montgomery, Jr.,* for appellant.—The assets in America should in equity contribute their portion to the estate duty payable in England where the devolution of the estate took place.  Eidman v. Martinez, 184 U. S. 578 (22 Supr. Ct. Repr. 515) ; Dawes v. Head, 20 Mass. 128; Mothland v. Wireman, 3 P. & W. 185.

No reasonable construction of the language warrants an inequality of burden which would defeat the testatrix's intention: Horter's Est., 1 Pearson 424; Shippen v. Burd, 42 Pa. 461; Jones' Est., 27 Pa. C. C. R. 139; Forbes' Est., 16 Phila. 356; Porte v. Williams, L. R. 1 Ch. Div. (1911) 188.

*John G. Johnson,* with him *H. S. Prentiss Nichols, Charles H. Mathews* and *Chapman & Chapman,* for appellees.—The British government has no right to demand an estate duty from American citizens out of an American estate and if it forces its own citizens to pay the same there is no higher right in the latter than that possessed by their government.

Apart from the specific direction concerning the payment of "testamentary expenses" the intention of the testatrix that the American estate should not be depleted by British taxation, is evident: Miller's Est., 3 Rawle 312; Dent's App., 22 Pa. 514; Parker's App., 61 Pa. 478; Goods of Astor, L. R. 1 P. Div. 150; Thompson v. Parnell, 105 Pac. Repr. 502.

The direction by the testator to pay "testamentary expenses" out of the English estate, covers the estate duty: In re Clemow, L. R. 2 Ch. Div. (1900) 182; in re Treasure, L. R. 2 Ch. Div. (1900) 648.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

Lady Martha Ellen Kortright, at the time of her death, January 18, 1907, was domiciled in England. Before her marriage to Sir Charles Edward Keith Kortright she was a resident of Philadelphia. She died possessed of personal property valued at $1,320,108.62, about one-fifth of which, amounting to $240,244.38, was in London. The balance valued at $1,079,864.24, was in Philadelphia. She left two wills, one dated June 21, 1893, to which she added a codicil June 13, 1905; the other was executed in England, February 27, 1905. The expressed purpose of the testatrix in executing this latter will was to dispose only of her property situated in England, and her expressed intent is in the following words: "The same shall take effect concurrently with and independently of another will which I have made so far as the same relates to or disposes of my property in America and investments belonging to me the dividends or interest on which are received by The Pennsylvania Company for Insurances on Lives and Granting Annuities or other my agents in America or any other property than my English property." By the sixth clause of her second will the testatrix directed that out of the proceeds of her English property, which she authorized her executors, the appellants, to sell, they should pay her "funeral and testamentary expenses and debts in England and the legacies hereinbefore or by any codicil hereto bequeathed and the duty on all legacies hereinbefore or by any codicil hereto bequeathed free of duty."

By the British Finance Act of 1894, 57-58, Vict. ch. 30, it is made the duty of an executor to pay to the government an "estate duty," declared by the act to

be a "stamp duty" on "all personal property (where-
soever situate) of which the deceased was competent to
dispose at his death." This estate duty on an estate
exceeding £250,000 and less than £500,000 is seven per
centum of its valuation, as ascertained in accordance
with the provision of the finance act. The amount of
the estate duty to be paid to the British government on
the estate of Mrs. Kortright was ascertained to be
$92,407.60, a portion of which the appellants have paid,
and their claim, disallowed by the court below, was
for contribution out of the American estate of a pro-
portionate share of the amount due to the English
government as estate duty. This claim was disallowed
because the learned adjudicating judge below, sustained
by the court in banc, construed the sixth clause of the
English will as creating a fund out of the English prop-
erty for the purpose of paying the funeral and testa-
mentary expenses of the testatrix and as exonerating
her American estate from such charges. If such was
her intent, the appellants had no claim upon the fund
before the court below for distribution, for, in dis-
pensing her bounties, the will of the testatrix was su-
preme as to which of her beneficiaries should bear the
burden imposed by the act of parliament upon her entire
estate. The English government must be paid its estate
duty on all of her property, wherever it was situated at
the time of her death, but it was her right to provide
a special and sufficient fund for the payment of that
duty, and neither those taking the balance of that fund
nor her personal representatives can question her right
to provide that her American estate should pass to
the beneficiaries named in her American will free from
the payment of the estate duty or tax to the English
government.

The testatrix intended that there should be two sepa-
rate and independent administrations of her estate,
and that her property in England should be distributed
in one way and that in America in another. By the

English will she expressly directed that, out of the funds to be realized from the sale of her property in England, there should be paid her "funeral and testamentary expenses." What did she mean by "testamentary expenses"? She is presumed to have known what the English courts had declared these words to mean five years before she executed her will, and, having executed it with such knowledge, she must be understood as having intended to use the words in the sense given to them by the courts when applying the Finance Act of 1894 to them. In 1900, in Yeo v. Clemow, 2 L. R. Chancery Division (1900) 182, it was expressly decided by Sir Arthur Kekewich that the words "estate duty," as used in the Act of 1894, was a testamentary expense. In so holding he said: "I am reluctant to introduce a new rule to add to 'testamentary expenses,' which term has been generously interpreted. But, having arrived at the conclusion that the court could not have refused to treat probate duty as a testamentary expense, I cannot avoid saying that estate duty which takes its place is also a testamentary expense. ... .... I come to this conclusion with reluctance, for I do not know where it will lead us in some cases; but at the same time I do not see my way practically to say that this duty is not a testamentary expense." The same learned judge, in the same year, in Wild v. Stanham, reported in the same volume of reports, page 645, again held that an estate duty was within the meaning of the words "testamentary expense." The estate duty on the estate of the testatrix is, therefore, to be paid out of the fund which she created by her English will for the payment of testamentary expenses, and the fund representing her American property, not being chargeable with any of the expenses connected with the administration of her English estate, the claim of the appellants was properly disallowed.

Decree affirmed at their costs.